UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUTH UPCHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-650-CLC-CCS |
| ) | |
| THE DOLLYWOOD CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the parties' consent.

Now before the Court are Defendants' Second Motion to Amend [Doc. 19], and Defendants' Revised Second Motion to Amend [Doc. 21]. As an initial matter, the Court finds that the Defendants' Second Motion to Amend [Doc. 19] was rendered moot by the filing of the Revised Second Motion to Amend [Doc. 21], and accordingly, it **[Doc. 19]** is **DENIED AS MOOT**.

Thus, the Court turns to the Defendants' Revised Second Motion to Amend by Defendants [Doc. 21]. In this motion, Defendants move the Court to permit the Defendants to amend their answer to assert comparative fault against Judy Fields, another guest who was allegedly at the scene of Plaintiff's fall. Defendants have filed a copy of their proposed Amended Answer [Doc. 21-1].

The Plaintiff has responded in opposition to the Defendants' request. [Doc. 22]. Plaintiff argues that the Defendants were aware of the identity of Ms. Fields and her whereabouts since at least November 10, 2012. Plaintiff concedes that Defendants disclosed Ms. Fields in response to

an interrogatory [Id. at 2], but Plaintiff argues that "Defendants' failure to disclose Judy Fields' identity as the alleged 'shover' when they had known of her since the incident occurred precludes them from now amending their Answer . . . ." [Id. at 3].

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Local Rule 15.1 imposes additional requirements, which are as follows:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

E.D. Tenn. L.R. 15.1.

The Court has not entered a Scheduling Order in this case or set this matter for trial. Thus, the Court finds that the Defendants' Motion to Amend was timely filed. Further, the Court finds that Plaintiff has complied with Local Rule 15.1, by attaching a copy of his proposed pleading to his motion.

While it appears that the Defendants may have delayed slightly in proposing the amendment, the Court finds that this delay has not prejudiced the Plaintiff. Moreover, the Plaintiff has not argued that she was prejudiced in any way. She simply argues that the delay should preclude the Defendants from amending. The Plaintiff has not cited the Court to any authority in support of this position. Having considered the parties' positions and the procedural

posture of this case, the Court finds that Defendants' request to amend is well-taken under Rule 15 of the Federal Rules of Civil Procedure.

Based upon the foregoing, the Defendants' Revised Second Motion to Amend **[Doc. 21]** is **GRANTED.** Defendants **SHALL FILE** their proposed Amended Answer [Doc. 21-1] as their operative pleading in CM/ECF on or before **April 1, 2014.**

**IT IS SO ORDERED**.

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:13-cv-00650-PLR-CCS   Document 23   Filed 03/27/14   Page 3 of 3   PageID #: 68